THE FIRST NATIONAL BANK OF HERKIMER, Plaintiff, *v.* WILLIAM DISE, as Commissioner of Herkimer County Public Welfare District, and the COUNTY OF HERKIMER in the State of New York, CHARLES D. BAUM and MARY I. BAUM, His Wife, Defendants.

Supreme Court, Herkimer County, January 5, 1937.

*James P. O'Donnell,* for the plaintiff.

*C. J. Winslow,* for the defendant William Dise, as commissioner of public welfare, and for the county of Herkimer.

*John J. Bennett, Jr., Attorney-General [F. R. Chant, Deputy Attorney-General,* of counsel], *amicus curiæ.*

CREGG, J. This is an action to set aside a deed on the grounds of fraud in violation of the Debtor and Creditor Law.

In the summer of 1935 the defendant Charles D. Baum, who was then seventy-seven years of age, applied to the defendant welfare commissioner of Herkimer county for an old age pension.

He and his wife, who was then sixty-eight years of age, owned as tenants by the entirety a small but comfortable home in the village of Herkimer in Herkimer county, N. Y., worth about $2,500.

They did not owe any debt except two notes, for about $135, which they had indorsed for an indigent son at the plaintiff bank.

The defendant welfare commissioner requested a deed of the property before he would grant the pension. Thereafter the deed in question was executed and delivered and the county of Herkimer began making pension payments to the defendant Charles Baum. Life use of the premises was reserved to Mr. and Mrs. Baum and to the survivor of them. Up to the time of the trial the county paid certain taxes and advanced for the support and medical attention for the defendant Charles D. Baum $341.24.

It is conceded that there was no actual fraud in the transaction. Plaintiff claims that section 130 of the Public Welfare Law is unconstitutional and relies on constructive fraud under the Debtor and Creditor Law to set aside the deed. There is no evidence in the case that the transfer by them of their $2,500 home, in which they reserved the life use to themselves and the survivor of them, rendered them insolvent. It is a matter of common knowledge that the rental value of a home worth $2,500 is between fifteen and twenty dollars per month, so that if the plaintiff had enforced its judgment against the life interest of the defendants Baum, it would undoubtedly have been paid before this time. At any rate there is no evidence to the contrary.

In my opinion section 130 of the Public Welfare Law is constitutional and the welfare commissioner had a right to take and accept the deed for and on behalf of the county. The facts do not warrant a finding that the transaction was tainted with constructive fraud within the meaning of the Debtor and Creditor Law.

In view of the facts in this case it is not necessary to pass on the question of whether or not section 130 of the Public Welfare Law supersedes the provisions of the Debtor and Creditor Law.

Plaintiff's complaint should be dismissed, with costs.